Filed 5/21/25  P. v. Becker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082914 |
| v. | (Super.Ct.No. HEF970137) |
| RODNEY LEE BECKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, for Plaintiff and Respondent.

1

Defendant and appellant Rodney Lee Becker appeals the order of the Riverside County Superior Court finding defendant ineligible for resentencing pursuant to Penal Code Section 1172.75.[1]  We will affirm.

In 1998, defendant was sentenced to a term of 25 years to life for possession of methamphetamine in violation of Health and Safety Code section 11377 and for a prior strike (§§ 667, subds. (d), (e)(2), 1170.12, subds. (b) (c)(2)).  The court struck two prison term enhancements (§ 667.5, subd. (b)).

1. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses.  (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  The amendment was retroactive to any case in which the judgment was not final on January 1, 2020.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

In 2022, section 1172.75 became effective.[2]  (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.)  Subdivision (a) of that provision declares legally invalid any prison prior sentence

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

[2]    At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12).  For the sake of simplicity, will refer to the provision by its current number.

enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

Following the passage of section 1172.75, a dispute arose in the courts of appeal with respect to the meaning of the word "imposed" in subdivision (a). In *People v. Rhodius*, this court held "imposed" means a defendant is entitled to a resentencing hearing only if the prison prior was imposed and executed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 45 (*Rhodius*), review granted Feb. 21, 2024, S283169.) Recently, in *People v. Tang* (2025) 109 Cal.App.5th 1003, 1007-1009, a panel in Division One of this court held that a stricken prison prior enhancement (as distinguished from one that is

3

stayed) is not an imposed enhancement within the meaning of section 1172.75, subdivision (a).

Other courts have arrived at a different conclusion. For example, in *People v. Christianson* (2023) 97 Cal.App.5th 300, 313–316 (*Christianson*), review granted February 21, 2024, S283189, a panel of Division One of this court concluded "imposed" includes sentences imposed and stayed. In *People v. Espino* (2024) 104 Cal.App.5th 188, 196–197 (*Espino*), review granted October 23, 2024, S286987, the Sixth District decided defendants are entitled to resentencing whether punishment for the prison prior was executed, stayed, or stricken.

2. *The Application of Section 1172.75 in Defendant's Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior and the trial court set a hearing.[3] At the hearing, the court found defendant was not eligible for resentencing. Defendant timely noticed this appeal from the denial of resentencing "per *Rhodius*" (italics added).

---

[3] We granted defendant's request to take judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and the CDCR list attached to those declarations. That list, dated June 16, 2022, sets for the the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 20 of the list.

4

Defendant argues reversal of the court's order and remand for a new sentencing hearing is called for because he should have been afforded a full resentencing hearing pursuant to section 1172.75.

As noted *ante*, appellate courts are divided on the issue whether a full resentencing hearing is required when a defendant's sentence includes a prison prior that is not executed. In the absence of direction to the contrary from California's Supreme Court on the issue, we continue to adhere to our decision in *Rhodius*, *supra*, 97 Cal.App.5th at pages 44–49, review granted, that is, section 1172.75 resentencing relief applies only to sentences for prison priors that are imposed *and* executed, not to those that have been stayed or the punishment stricken. Our conclusion is bottomed on the statute's requirement that the elimination of the repealed prison prior enhancement must result in the reduction of the sentence. (§ 1172.75, subd. (d)(1); *Rhodius*, at pp. 42-45, review granted.)

Here, defendant's prison prior was stricken. Because defendant's sentence was not subject to reduction, he was not entitled to a full resentencing hearing.

Defendant posits he should have been afforded a full hearing because (1) the plain language of section 1172.75 does not limit its application to prison prior sentences that have been executed, and (ii) the provision's legislative history, including its refusal to enact section 1172.75 as a purely administrative correction in particular, supports the

notion that resentencing is required in every case involving a section 1172.75, subdivision (a) prison prior.

We are not persuaded. As we explained in *Rhodius*, subdivision (d)(1) of section 1172.75 requires resentencing of defendants with a prison prior to result in a lesser sentence than the one originally imposed unless there is clear and convincing evidence that a reduced sentence would endanger public safety. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 43, review granted.) The only sensible reading of that provision is that it is intended to apply only in cases in which the prison prior actually increased a defendant's sentence. (*Id.*, at pp. 43–44.) To expand the lesser sentence requirement to cases in which the enhancement was ordered and then stayed or stricken would mean the sentencing court must arbitrarily reduce prison terms imposed pursuant to other statutes having nothing to do with a legally invalid prison prior. (*Ibid.*)

Moreover, the Legislature is known to use the word "impose" as shorthand for impose and then execute. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126–1127.) That it did so with respect to section 1172.75 is made clear in the uncodified preamble to Senate Bill No. 483 in which the Legislature found and unambiguously declared that, as part of its efforts to ensure equal justice and address systemic racial bias in sentencing, it intended to retroactively apply amended section 667.5(b) to "all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics added.)

6

**DISPOSITION**

The order finding defendant ineligible for resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
P. J.

We concur:

McKINSTER\
J.

MILLER\
J.